IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TONY WILSON-JOHNSON, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KIOSHIA M. WALKER, *et al.*, | : | NO. 18-1076 |
| Defendants. | : | |

### MEMORANDUM

**BEETLESTONE, J.**  APRIL ___, 2018

Tony Wilson-Johnson filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against Kioshia M. Walker, Administrative Judge Margaret T. Murphy, Custody Master Samantha Margras, and Conference Officer Timothy Gerard, asserting claims arising from custody proceedings that occurred in the Family Court Division of the Court of Common Pleas for Philadelphia. He has also filed a motion to proceed *in forma pauperis*. For the reasons set forth below, the Court will grant Wilson-Johnson leave to proceed *in forma pauperis* and will dismiss his Complaint.

### I.   FACTS

On February 20, 2018, Wilson-Johnson, as a "free indigenous [A]merican man," was "ordered against [his] will to appear in Philadelphia Family [C]ourt without being charged with a crime or breach of the [peace]." (Compl. at 6.) He alleges that he was told that if he did not appear, he would be "threaten[ed] with arrest and unfair wage garnishment by Margaret T. Murphy and Timothy Gerard." (*Id.*)

When Wilson-Johnson arrived "under threat of arrest, duress and coercion" at the hearing, he "instantly handed Timothy Gerard a signed, dated and [n]otarized Notice of

Understanding and Intent and Claim of Right." (*Id.* at 7.) He also "proceeded to document all statement being made in the open court proceeding." (*Id.*) When Gerard observed this, he "call[ed] a sheriff in the room to stop [Wilson-Johnson] from documenting." (*Id.*) Wilson-Johnson then requested that a stenographer be present, and Gerard replied "we don't do that at this level." (*Id.*) Gerard then "stop[ped] the hearing and ordered the sheriff to rush [Wilson-Johnson] out as [he] was being unlawfully remove[d] from a public office." (*Id.*) Gerard told Wilson-Johnson's son's mother that "he had everything he needed to move forward without [his] consent." (*Id.*)

On March 9, 2018, Wilson-Johnson "received two letters in the mail ordering [him] to pay a monthly fine of $117.70 and ordered to pay for forced health insurance to cover [his] son." (*Id.*) The letters stated that he could request a hearing, but that the deadline to do so was March 12, 2018, "leaving [Wilson-Johnson] no time to exercise the right." (*Id.*) On March 12, 2018, Wilson-Johnson "was ordered back into court under threat of arrest, duress and coercion again by Margaret T. Murphy and Samantha Magras to continue to violate [his] right by ordering [him] to give Kioshia M. Walker sole physical and sole legal custody of [his] son . . . against [his] will and without [his] consent." (*Id.*)

Wilson-Johnson contends that throughout custody proceedings, Murphy, Magras, and Gerard had the "responsibility to respect and protect [him] from violation of federal constitutional rights." (*Id.* at 6.) He alleges that all Defendants "received notice of [his] right to remain a private [A]merican and all willfully ignore[d] [his] request, and continued to enter unlawful orders without [his] consent and/or knowledge." (*Id.*) He contends that he is in constant fear of being falsely arrested and jailed. (*Id.*)

2

As relief, Wilson-Johnson asks the Court to "uphold [its] oath to the [C]onstitution and dismiss all cases pertaining to [him] and [his] son." (*Id.*) He requests that the Court order the Philadelphia Family Court "and all other government agencies to remove [his] name from any and all [U]nited [S]tates government documents that would in the future pull [him] back into . . . court." (*Id.*) Wilson-Johnson also asks "to be left alone to live as a free indigenous [A]merican." (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Wilson-Johnson leave to proceed *in forma pauperis* because it appears that he is not capable of prepaying the fees to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies to Wilson-Johnson's Complaint. That statute requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* The Court may also dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002); *see also McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010). Furthermore, the Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Wilson-Johnson is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

3

## III. DISCUSSION

### A. Request for Dismissal of State Case

As noted above, Wilson-Johnson requests that this Court "dismiss all cases pertaining to [him] and [his] son." (Compl. at 6.) Pursuant to the *Rooker-Feldman* doctrine, however, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). Accordingly, to the extent Wilson-Johnson seeks review and reversal of any of the orders entered by the Family Court in his custody matter, the Court lacks jurisdiction to do so.

### B. Claims Under Criminal Statutes

Wilson-Johnson vaguely contends that the Defendants have violated various criminal statutes, including 18 U.S.C. §§ 241, 242, 245, 247, 2071, 2073, and 2236. (Compl. at 4.) However, criminal statutes do not provide a basis for civil liability. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]."); *see also Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009) (per curiam) (noting that neither § 241 nor § 241 "creates a civil case of action"); *Levai v. Law*, 235 F. App'x 684, 685 (9th Cir. 2007) concluding that 18 U.S.C. § 247 "provide[s] no basis for civil liability"); *Black v. Sciver*, No. 1:16-cv-00841-DAD-JLT, 2016 WL 4594981, at *4 (E.D. Cal. Sept. 2, 2016) (noting that plaintiff could not bring a civil action pursuant to 18 U.S.C. § 2071); *Roller v. Matheny*, No.

4

1:12-cv-262, 2012 WL 5451527, at *3 n.2 (E.D. Tenn. Nov. 7, 2012) (concluding that 18 U.S.C. § 2236 "does not provide for a private civil cause of action"); *Cooley v. Keisling*, 45 F. Supp. 2d 818, 820 (D. Or. 1999) (concluding that 18 U.S.C. § 245 does not provide a private right of action). Thus, any claims brought pursuant to criminal statutes will be dismissed.

### C. Claims Under 42 U.S.C. § 1983

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Wilson-Johnson's Complaint fails to allege a meritorious § 1983 claim against a proper defendant.

#### 1. Claims Against Kioshia Walker

Wilson-Johnson has brought claims against Kioshia Walker, the mother of his son and presumably the individual who initiated custody proceedings against him. However, Wilson-Johnson cannot maintain a claim against Walker pursuant to § 1983 because she is not a state actor. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011). Accordingly, Wilson-Johnson's claims against Walker will be dismissed.

#### 2. Claims Against Judge Murphy, Custody Master Magras, and Conference Officer Gerard

Wilson-Johnson contends that Judge Murphy, Custody Master Magras, and Conference Officer Gerard violated his rights under the First, Fourth, Fifth, and Eighth Amendments by "continu[ing] to enter unlawful orders without [his] consent and/or knowledge." (Compl. at 4, 6.) He also argues that these individuals failed to "protect [him] from violation of federal constitutional rights." (*Id.* at 6.) Judges, however, are entitled to absolute immunity from civil

rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Weldon v. Cywinski*, 222 F. App'x 205, 207 (3d Cir. 2007) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). Moreover, individuals such as custody masters and conference officers, who act as arms of the court, are entitled to immunity. *See Prater v. City of Phila. Family Court*, 569 F. App'x 76, 79 (3d Cir. 2014) (per curiam) (concluding that custody masters were immune from suit for "acts taken in a judicial or quasi-judicial capacity"); *Ludwig v. Berks Cty., Pa.*, 313 F. App'x 479, 482 & n.3 (3d Cir. 2008) (per curiam) (citing *Hughes v. Long*, 242 F.3d 121, 126-27 (3d Cir. 2001) (affirming dismissal of claims against custody masters based upon judicial immunity); *Clayton v. Children's Choice*, No. 09-5727, 2010 WL 3282979, at *6 (E.D. Pa. Aug. 18, 2010) (citing *Logan v. Lillie*, 728 A.2d 995, 998 (Pa. Commw. Ct. 1999) (noting that quasi-judicial immunity has been extended to child custody conference officers). Here, it is apparent that Wilson-Johnson is suing Judge Murphy, Custody Master Magras, and Conference Officer Gerard based on the manner in which they ruled in or handled the custody proceedings regarding his son. Accordingly, his § 1983 claims against these individuals are barred by judicial and quasi-judicial immunity.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Wilson-Johnson's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and for lack of jurisdiction to the extent Wilson-Johnson seeks review and reversal of any orders entered by the Family Court in his custody matter. Wilson-Johnson will not be provided leave to file an amended complaint because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate Order follows, which shall be docketed separately.

6